UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BAILEY H.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:22cv134 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since September 11, 2019, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: anxiety; autism; depression; diabetes; hearing loss; and intellectual disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that

       meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that she can never climb ladders, ropes, or scaffolds, never work at unprotected heights, and never around dangerous machinery with moving mechanical parts. She is limited [to] working environments that have no more than a moderate noise level and that do not require her to use a telephone as part of her work-related duties. She is also limited to simple work-related decisions and simple, routine tasks with no assembly line work or strictly enforced daily production quotas, and few changes in a routine work setting.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on June 25, 1992 and was 27 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 11, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 19-27).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on June 14, 2022. On July 28, 2022 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on September 26, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

3

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

On February 11, 2019, Plaintiff underwent a psychological evaluation performed by Robert B. Coyle, Ph.D., H.S.P.P. (Tr. 284). After a battery of tests, Plaintiff's verbal reasoning and short term auditory working memory was in the low average range; her visual reasoning was average; and her fine psychomotor processing speed was borderline limited. (Tr. 290). Dr. Coyle opined that Plaintiff's slow fine motor speed would "undoubtedly slow her work pace." (Tr. 290). She was noted to have high functioning Autism Spectrum Disorder that is predominantly of the Asperger type. (Tr. 290). Her writing was at a fourth grade level, with poor letter formations. (Tr. 290). Her adaptive behavior was noted to be limited, particularly in the area of social development. (Tr. 291). Her attention and concentration skills were reportedly minimally adequate. (Tr. 291). Dr. Coyle opined that Plaintiff "is going to be a slow worker, who will need a job that

4

does not require rapid work pace." (Tr. 292).

On April 18, 2019, Michael A. Dennis, Psy.D., provided a Neuro-vocational Evaluation and noted that Plaintiff has impairment in the areas of mobility, communication, interpersonal relationships, work tolerance and work skills. (Tr. 568). He opined that Plaintiff's work tolerance would be impacted by her reduced functioning "thereby limiting her ability to complete tasks in an efficient manner as compared to her peers." (Tr. 569). The result of her Mayo-Portland Adaptability Inventory (MPAI-4) revealed moderate to severe level of disability across all areas of functioning. (Tr. 578). Examination of attention and concentration on a lengthy computerized measure revealed impairment with inattentiveness, sustained attention, and vigilance. (Tr. 577).

On July 31, 2019, Plaintiff saw Tawny Elizabeth Avila, D.O., for a follow up of her diabetes and brain injury. (Tr. 429-30). Dr. Avila noted that Plaintiff had suffered from shaken baby syndrome with likely further physical abuse by her mother as an infant. (Tr. 430). Dr. Avila noted that Plaintiff is unable to fully care for herself and emotionally deal with life. (Tr. 430). Plaintiff's glucose level was 374 during the visit, and she was observed to be shaking and nervous. (Tr. 430).

On October 7, 2019, Yvonne Lopez, L.M.H.C., noted Plaintiff experienced depression and high levels of anxiety. (Tr. 482). Plaintiff reported having a difficult time meeting new people. (Tr. 482). She reported symptoms such as feeling worthless, helpless, sad, a failure, depressed, unhappy, hopeless, fearful, anxious, worried, finding it hard to focus on anything other than her anxiety, feeling nervous, uneasy and tense. (Tr. 482). Ms. Lopez found these symptoms to be consistent with major depressive disorder, recurrent, mild with anxious distress. (Tr. 482).

On December 16, 2019, Michael Frampton, M.D., performed a psychiatric evaluation of Plaintiff. (Tr. 470). Dr. Frampton noted Plaintiff suffered from shaken baby syndrome due to abuse

5

by her mother. (Tr. 470). Dr. Frampton noted Plaintiff is unable to fully care for herself. (Tr. 470). Plaintiff's caseworker noted issues with daytime fatigue and poor attention as well as anxiety and depression. (Tr. 470). Dr. Frampton prescribed Provigil to promote alertness, wakefulness and concentration secondary to deficits from traumatic brain injury. (Tr. 474).

On January 13, 2020, Plaintiff reported that she cries easily and does not have the energy to complete daily tasks. (Tr. 475). Upon examination, her insight and judgment were noted to be impaired. (Tr. 478). Her I.Q. was noted to exhibit borderline intellectual functioning. (Tr. 478).

On March 9, 2020, Ms. Lopez provided an outline of Plaintiff's functional limitations. (Tr. 602). She noted Plaintiff has difficulty dealing with changes, becomes tearful and has difficulty breathing which results in anxious distress. (Tr. 602). Plaintiff becomes emotionally overwhelmed when dealing with people she does not know and becomes emotionally overwhelmed and stressed out when around more than 5-10 people at a time. (Tr. 602). Plaintiff reported she cannot work at a fast pace and becomes easily confused. (Tr. 602). She reported having difficulty with attention and concentration when feeling anxious and overwhelmed. (Tr. 602). Plaintiff reported memory impairment and difficulty with recall. (Tr. 603). Ms. Lopez noted Plaintiff loses her thoughts while talking during therapy sessions. (Tr. 603).

On August 17, 2020, Kathryn F. Meyer, Psy.D., conducted a psychological consultative examination at the state agency's request. (Tr. 631). Dr. Meyer opined that Plaintiff "did not appear capable of obtaining and maintaining gainful employment at this time." (Tr. 634). She opined that this was due to impaired sustained concentration and persistence as well as social interaction that was below developmental level. (Tr. 634).

On February 9, 2021, Plaintiff attended a therapy session with Ms. Lopez and reported feeling overwhelmed in her new job. (Tr. 667). She reported feeling increased anxiety and found it

6

difficult to deal with unpredictable changes. (Tr. 667).

On February 11, 2021, Ms. Lopez provided a mental assessment of Plaintiff's work-related functional limitations. (Tr. 665-66). Ms. Lopez noted that Plaintiff needs support and becomes easily overwhelmed with difficulty multi-tasking. (Tr. 665). She would need reminders to understand, remember and carry out job instructions. (Tr. 665). She would need guidance and reassurance to make simple work-related decisions and can become easily overwhelmed and panic when dealing with changes in a routine work setting. (Tr. 665). She would be off task twenty percent of the workday and would need regular breaks because she becomes frazzled easily. (Tr. 666). She is unable to manage her finances in her own best interest. (Tr. 666). Ms. Lopez noted that Plaintiff may be able to work a few hours with continued support but may find it difficult to maintain the demands of work over a long period of time. (Tr. 666).

In support of remand, Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. Pursuant to Social Security Ruling ("SSR") 96-8p, an "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. Additionally, an RFC "does not represent the least an individual can do despite his or her limitations or restrictions, but the most." SSR 96-8p; *see also* 20 C.F.R. § 416.945(a)(1) (residual functional capacity is the most someone can do despite their mental and physical limitations). In order to determine an RFC, the adjudicator is instructed to base the assessment on "all of the relevant medical and other evidence." 20 C.F.R §§ 404.1545(a)(3), 416.945(a)(3). Here, the ALJ determined that Plaintiff RFC to perform light work as defined in 20 CFR § 416.967(b) with some exceptions. Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence and is the

product of legal error because the ALJ failed to properly evaluate the opinion of Ms. Lopez and failed to create a logical bridge between the evidence and the RFC.

The ALJ found the opinion of Ms. Lopez to be unpersuasive. Regarding Plaintiff's inability to understand, remember and carry out instructions, the ALJ found this limitation to be inconsistent with, and unsupported by, the record. (Tr. 26). With regard to Ms. Lopez's limitation that Plaintiff would be off-task twenty percent of the workday, the ALJ dismisses the limitation, finding the limitation to be "no more than conjecture." (Tr. 26).

Plaintiff points out that the ALJ fails to even mention other limitations provided by Ms. Lopez including the need to have guidance and reassurance to make simple work-related decisions, difficulty dealing with changes in a routine work setting, the need for regular breaks, difficulty multi-tasking and difficulty maintaining demands of work over a long period of time. (Tr. 665-66). These limitations have a significant impact on Plaintiff's ability to perform even simple work; however, the ALJ simply ignored them

This Court "must decide whether the ALJ adequately considered the required factors under [§ 416.927(c)], and if he built an 'accurate and logical bridge' from the evidence to his decision to discount [the physician's] opinion. *Stocks v. Saul*, 844 F. App'x 888, 892 (7th Cir. 2021). With regard to the ALJ's contention that Plaintiff's inability to understand, remember and carry out instructions is not consistent with or supported by the record, the evidence relied upon by the ALJ does not create a logical bridge between the evidence and this rejection of the opinion evidence. For example, the ALJ cites to Exhibit 1F, page 11 to support his contention. (Tr. 26). However, this particular evidence only summarizes the reason for the referral to Dr. Coyle for a psychological evaluation and makes no reference whatsoever to Plaintiff's ability to understand, remember or carry out instructions. (Tr. 284). The next evidence relied upon by the ALJ is Exhibit

15F, which is a physical consultative examination where there is no reference to Plaintiff's ability to understand, remember and carry out instructions. (Tr. 639). Furthermore, the ability to follow short instructions to complete a physical examination which occurred over the course of a few minutes has no bearing on the ability to understand, remember and carry out instructions to complete work-related tasks on a regular and continuing basis, eight-hours a day, five days a week. SSR 96-8p. The last piece of evidence relied upon by the ALJ to support his rejection of the opinion evidence is Exhibit 12F, page 20, which is a neuro-vocational evaluation from Dr. Dennis that summarizes Plaintiff's diagnoses. (Tr. 573). Despite the ALJ's finding that this evidence is inconsistent with Ms. Lopez's opinion regarding Plaintiff's ability to understand, remember or carry out instructions, Dr. Dennis notes in this evaluation that Plaintiff is impaired in the areas of work tolerance and work skills. (Tr. 573). The ALJ did not explain in the decision how the evidence he relied upon is inconsistent with the limitations set forth by Ms. Lopez.

Additionally, the statement made by the ALJ that the off-task limitation provided by Ms. Lopez is "no more than conjecture" is a clear mischaracterization of the evidence. An ALJ's decision is compromised when he mischaracterizes evidence. *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003). Although the ALJ need not discuss every piece of evidence in the record, *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir.2001), the ALJ may not ignore an entire line of evidence that is contrary to the ruling, *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir.2001). Here, the ALJ has ignored the probative evidence that would support a finding of persuasiveness pursuant to 20 C.F.R. § 416.920c(b)(2).

Dr. Coyle noted that Plaintiff's slow fine motor speed would "undoubtedly slow her work pace." (Tr. 290). He noted Plaintiff's adaptive behavior to be limited with minimally adequate attention and concentration skills. (Tr. 292). He opined she would need a job that did not require

9

rapid work pace. (Tr. 292). Dr. Dennis noted that Plaintiff's work tolerance would be impacted by her reduced functioning "thereby limiting her ability to complete tasks in an efficient manner as compared to her peers." (Tr. 569). Plaintiff points out that the ALJ found this examiner's opinion to be persuasive. (Tr. 24). Plaintiff's intellectual testing revealed moderate to severe levels of disability across all areas of functioning. (Tr. 578). Dr. Dennis' examination of attention and concentration on a lengthy computerized measure revealed impairment with inattentiveness, sustained attention and vigilance. (Tr. 577). Dr. Avila noted that Plaintiff was unable to fully care for herself. (Tr. 430). Dr. Frampton noted daytime fatigue with poor attention as well as anxiety and depression and prescribed Provigil in an attempt to promote alertness and concentration. (Tr. 474). He noted Plaintiff's insight and judgment to be impaired and noted concentration deficits secondary to brain injury. (Tr. 474, 478). The Agency's own consultative examiner noted that Plaintiff "did not appear capable of obtaining and maintaining gainful employment at this time." (Tr. 634). Dr. Meyer stated this was due to impaired sustained concentration and persistence and well as social interaction that was below developmental level. (Tr. 634).

Ms. Lopez's records support Plaintiff's limitation of off-task behavior and need for breaks. She noted Plaintiff had difficulty dealing with changes and becomes emotionally overwhelmed when around more than 5-10 people; that Plaintiff cannot work at a fast pace and becomes easily confused; that Plaintiff had difficulty with attention and concentration when she is feeling anxious and overwhelmed; that Plaintiff had difficulty with memory impairment and recall; that Plaintiff loses her thoughts while talking during therapy sessions; and that Plaintiff had difficulty dealing with unpredictable changes. (Tr. 602-03, 667).

Despite the ALJ's conclusion that off-task behavior is "no more than conjecture," the record paints a much different picture of Plaintiff. The ALJ failed to conduct a proper analysis of

10

the consistency and supportability factors as required under the regulations and as a result, there is no logical bridge indicating why Ms. Lopez's opinion was not found persuasive. Given the significant amount of evidence to the contrary, it is unclear why the ALJ would reject Ms. Lopez's opinion as "conjecture". Therefore, this Court agrees with Plaintiff that the RFC assessment is not supported by substantial evidence.  Thus remand is required.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: October 7, 2022.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court